UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD BAUR,

                Petitioner,                Case Number: 06-11884-BC
                                                      Honorable David M. Lawson

v.

JENNIFER GRANHOLM, Governor, State of
Michigan; WARREN EVANS, Wayne County
Sheriff; DETECTIVE JACKIE LOVING,

                Respondents.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
## PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Donald Baur, presently confined at the Wayne County Jail in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is currently detained pursuant to a governor's warrant, awaiting extradition to Georgia to face felony charges in Jones County, Georgia for theft by conversion. His extradition hearing apparently was conducted on April 18, 2006 before Judge Kevin F. Robbins in the 36th District Court of Michigan in Detroit. The petitioner alleges that he was deprived of due process at the extradition hearing; the prosecutors in Georgia have violated the Interstate Agreement on Detainers Act; the petitioner received ineffective assistance of counsel at his extradition hearing; and the governor's warrant is based on false or fraudulent information that was provided to the governor of the State of Georgia by the prosecutor's office in Jones County, Georgia. Because the petitioner's claims are unexhausted, the petition will be dismissed without prejudice.

I.

The petitioner was confined in the custody of the Michigan Department of Corrections ("MDOC") in February of 2005 to serve a sentence for a felony conviction apparently involving false pretenses or an intent to defraud. *See* Mich. Comp. Laws § 750.218. When the petitioner arrived at the Kinross Correctional Facility in May of 2005, he was informed that he had pending felony charges for theft by conversion in Jones County, Georgia, under a warrant dated August 25, 2003. The petitioner claims that he invoked the provisions of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. app. 2, to seek a prompt disposition of this pending charge by preparing and submitting the proper forms to the authorities in Georgia. The petitioner received confirmation that these forms were received by the Clerk of the Court and the prosecutor's office for Jones County, Georgia on May 20, 2005. The petitioner claims that the state of Georgia failed to bring him to trial within the 180-day time limit required by Article III(a) of the IAD. *See* Ga. Code Ann. § 42-6-20; Mich. Comp. Laws § 780.603 (providing for enforcement of the IAD). The petitioner further alleges that in December of 2005 he sent certified letters to the Clerk of the Court and the prosecutor's office in Jones County, Georgia requesting dismissal of the pending warrant and withdrawal of the detainer. He sent a second request on January 18, 2006. The petitioner states that he received no response to his requests for dismissal of the warrant and the detainer from the State of Georgia.

According to the petitioner, in January of 2006, the State of Georgia was notified of the petitioner's pending parole date of February of 2006 and placed a "hold" or detainer on the petitioner. As a result, the petitioner's parole date was delayed by the MDOC until April 13, 2006. The petitioner claims that a determination was made, presumably by MDOC officials, that the Georgia detainer was invalid, and therefore the "hold" was made "inactive."

The petitioner was paroled by the MDOC on April 13, 2006. When the petitioner reported to his parole officer, however, he was arrested, allegedly without explanation. The petitioner claims that he was never advised of the governor's warrant or of any charges against him prior to his court hearing.

On April 18, 2006, the petitioner received an extradition hearing in the Wayne County Circuit Court. He claims that it was only at this hearing that he learned that a governor's warrant had been issued for him for extradition to the State of Georgia. Attached to the governor's warrant was a fingerprint card, which provides the basis of one of the petitioner's stated grounds for relief. The petitioner claims that he has never been fingerprinted by any law enforcement personnel in the State of Georgia. He complains that no affidavit or statement was offered to indicate that these fingerprints had been compared to the petitioner's known fingerprints. The petitioner also alleges that the copy of a grand jury indictment from Jones County, dated August of 2005 and attached to the governor's warrant, involves the same factual allegations as the theft by conversion warrant issued August 25, 2003, which the petitioner claims is invalid. At the conclusion of the extradition hearing, Judge Robins ordered that the petitioner be bound over for extradition to Georgia.

The petitioner filed a petition for writ of habeas corpus in this Court on April 21, 2006, stating four grounds for relief:

 I. Deprived of due process. [The petitioner alleges that he did not receive adequate notice of the charges against him and did not receive the governor's warrant or supporting documents prior to the hearing.]

 II. Violation of Federal Statute. [The petitioner alleges that the prosecutor in Jones County obtained a grand jury indictment to avoid the effect of the Interstate Agreement on Detainers that should have led the charges in the 2003 warrant against him to be dismissed with prejudice.]

    III.    Ineffective assistance of counsel. [The petitioner alleges that the attorney who was appointed to represent him at the hearing refused to assert all of the petitioner's objections, to challenge properly the issues presented as instructed by the petitioner, or to present documentary evidence or call witnesses who were present in the courtroom.]

    IV.    Invalid Governor's Warrant; based on fraud. [The petitioner alleges that the fingerprint card attached to the governor's warrant is suspect because no evidence or testimony was presented at the hearing that the fingerprints on the card were his fingerprints and because the State of Georgia had never fingerprinted him; furthermore, the prosecutor did not act within a "reasonable time" of the investigation of the incident when the grand jury indictment was obtained two years after the warrant was issued.]

The matter is before the Court for an initial review of the petition pursuant to 28 U.S.C. § 2243 (stating that "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto").

II.

The petitioner's claims fall into two categories: challenges to his Michigan extradition proceedings and challenges to the sufficiency of his Georgia indictment.

At the outset, it appears that the petitioner cannot seek federal habeas corpus relief to challenge his indictment at this time. The petitioner is in custody of the State of Michigan awaiting extradition to a sister state. Generally, absent "special circumstances," a petitioner cannot seek habeas corpus relief "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Although the Supreme Court has entertained a petition filed under 28 U.S.C. § 2241 by an Alabama state prisoner challenging the

detainer placed on him by the commonwealth of Kentucky, that petitioner did not seek "to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial." *Braden*, 410 U.S. at 489-90. The petitioner in *Braden* sought habeas corpus relief to force Kentucky to begin proceedings against him for his Kentucky criminal charges, while the petitioner in the present case is seeking to challenge his indictment in federal habeas corpus when state proceedings with regard to that indictment are imminent. The petitioner's challenge to his indictment is precisely what the *Braden* court acknowledged would contravene longstanding habeas corpus jurisprudence.

The Sixth Circuit has held that a federal court can consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted available state court remedies, *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981), seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of these exceptions apply to the petitioner's case.

But even if a federal habeas corpus petition is proper in the petitioner's case, the petitioner is still required to exhaust all available state court remedies. *See Braden*, 410 U.S. at 489-91; *see also Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001); *Atkins*, 644 F.2d at 546-47. The *Braden* court emphasized that the petitioner in that case had exhausted all of his available state court remedies. In this case, however, it appears that the petitioner has not exhausted his available state court remedies in Michigan with regard to the extradition proceedings or in Georgia with regard to

his indictment. Under Michigan law, a person who has been arrested in accordance with a governor's warrant may apply for a writ of habeas corpus in the state courts. The law states:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.

Mich. Comp. Laws § 780.9. "The validity of the detention of a person held under the executive authority is properly tested on *habeas corpus*." *People v. Rayborn*, 18 Mich. App. 468, 472, 171 N.W.2d 460, 461-62 (Mich. Ct. App. 1969). Because the petitioner's recitation of the events surrounding his extradition proceedings does not include any mention of state habeas corpus proceedings, the Court will dismiss the petition so the petitioner can exhaust his state court remedies.

### III.

The petitioner has failed to establish that he has exhausted his available state court remedies with regard to his extradition proceedings. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice**.**

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated: May 17, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 17, 2006.

        s/Tracy A. Jacobs
        TRACY A. JACOBS